UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**REGINA NACHAEL HOWELL FOSTER,**

   Appellant,

v.                                No. 4:20-cv-1357-P

**AREYA HOLDER AURZADA ET AL.,**

   Appellees.

## MEMORANDUM OPINION & ORDER

Before the Court is Appellant Regina Nachael Howell Foster's ("Foster") Brief (ECF No. 19); Appellees Areya Holder Aurzada, SAI Reed Properties Inc., Carlos Foster, Michelle Shriro, Todd Hoodenpyle, and Singer & Levick PC's (collectively, "Appellees") Response Brief (ECF No. 23); and Foster's Reply Brief (ECF No. 26). On appeal, Foster challenges the Bankruptcy Court's Memorandum Opinion & Order Granting Motion to Dismiss ("Dismissal Order"). *See* ECF No. 7-2 at 220–22, 291–328. Having considered the record on appeal, briefs, and applicable law, and finding no reversible error, the Court will **OVERRULE** Foster's issues on appeal and **AFFIRM** the Bankruptcy Court's Dismissal Order.

## BACKGROUND

The arduous factual circumstances in this case need not be fully rehashed for the Court to resolve the current appeal, as the issues involved are jurisdictional and procedural in nature. The Court will thus provide only the facts pertinent to resolving this limited appeal.[1]

On November 7, 2019, Foster filed a Complaint in which she sued Areya Holder Aurzada ("Trustee"), Todd Hoodenpyle, Michelle Shriro, and the law firm of Singer & Levick, PC (collectively, the "Removing

---

[1] An exhaustive recitation of the factual background of this case may be found in the Bankruptcy Court's thorough Memorandum Opinion. *See* ECF No. 7-2 at 291–328.

Defendants"). The Removing Defendants then removed the case to the Bankruptcy Court. Foster filed her Motion to Remand for Lack of Jurisdiction ("Jurisdictional Motion") and Motion to Remand for Untimely Removal ("Timeliness Motion"). The Removing Defendants filed objections to both Motions to Remand, to which Foster replied. On October 15, 2020, the Bankruptcy Court issued a Memorandum Opinion and entered the Order on Jurisdiction (ECF No. 7-2 at 289–290) and Order on Timeliness (ECF No. 7-2 at 287–88). On October 28, 2020, Foster moved the Bankruptcy Court to reconsider the Orders on Jurisdiction and Timeliness, which the Bankruptcy Court denied on November 9, 2020. On November 23, 2020, Foster filed a notice of appeal, which was amended on November 30, 2020, challenging the Orders on Jurisdiction and Timeliness.[2]

Parallel with that Related Appeal is Foster's appeal in the instant case, where Foster challenges the Bankruptcy Court's dismissal of her Complaint. Specifically, after concluding that it had jurisdiction over the case, the Bankruptcy Court dismissed the Complaint on the merits by entering the Dismissal Order on October 30, 2020. The appeal is now ripe for review.

## ISSUES PRESENTED

In her initial Brief, Foster presented several statements of issues,[3] which the Court summarizes as follows:

<u>Issue No. 1</u>: Did the Bankruptcy Court err by dismissing Foster's Complaint?

---

[2]Foster's appeal on the Bankruptcy Court's Orders on Jurisdiction and Timeliness are also before this Court in a separate case styled *Regina Nachael Howell Foster v. Areya Holder et al.*, Case No. 4:20-CV-1277 ("Related Appeal"). The Court takes judicial notice of all filings and docket entries in that case and incorporates by reference the Court's Order entered therein on January 18, 2022 (ECF No. 17 of the Related Appeal). Pursuant to that Order, Foster's issues on appeal in this case relating to the Bankruptcy Court's subject matter jurisdiction are moot as *res judicata*.

[3]In her initial Brief, Foster presented a total of eight issues on appeal that are largely redundant of one another or repetitive of the issues raised and ruled upon in the Related Appeal.

## STANDARD OF REVIEW

When a district court reviews a Bankruptcy Court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1104 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). A Bankruptcy Court's findings of fact are subject to the clearly erroneous standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. These findings are reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Young*, 995 F.2d at 548.

## ISSUE NO. 1

Foster contends that the Bankruptcy Court erred[4] by dismissing her Complaint. ECF No. 19. Though the Foster's pro-se briefing is less than clear, it appears that she challenges the Dismissal Order by arguing that the Bankruptcy Court: (1) lacked subject matter jurisdiction to enter the Dismissal Order; (2) misapplied the *Barton* Doctrine; and (3) incorrectly determined that Foster's Complaint failed to allege proper *ultra vires* claims. The Court disagrees with Foster on all three sub-issues. The Court will accordingly **OVERRULE** Foster's sub-issues on appeal and **AFFIRM** the Bankruptcy Court's Dismissal Order.

*First*, as the Court ruled in the Related Appeal, the Bankruptcy Court had subject matter jurisdiction and a proper statutory basis to rule upon Foster's Complaint after the case was removed. *See* Order, ECF No. 17 of the Related Case (citing 28 U.S.C. § 1452 ("[A] party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending if the district court has jurisdiction of such claim or cause of action under Section 1334 of this title.")); *see also In re Coastal Plains, Inc.*, 338 B.R. 703, 711 (N.D. Tex. 2006) (interpreting § 1452 to permit direct removal of a state court case to bankruptcy courts). For the reasons stated in the Court's January 18,

---

[4]In her initial Brief, Foster incorrectly states that an abuse of discretion standard of review should apply. The Court will apply the appropriate standard articled above throughout this Order.

2022 Order in the Related Appeal, the Court accordingly **OVERRULES** Foster's first sub-issue on appeal.

*Second*, Foster argues that the Bankruptcy Court misapplied the *Barton* Doctrine in dismissing her Complaint. In *Barton v. Barbour*, 104 U.S. 126 (1881), the Supreme Court held that before a plaintiff can sue a court-appointed receiver in a forum other than the appointing court, leave of the appointing court must be obtained. This principle applies to both bankruptcy trustees and court-approved professionals employed by a bankruptcy trustee. *See Carroll v. Abide*, 788 F.3d 502, 505 (5th Cir. 2015). That is, leave of the Bankruptcy Court must be obtained before suit may be commenced against any of these estate fiduciaries in a forum other than the Bankruptcy Court for actions taken by them in performing their duties as estate fiduciaries. *See id.* This doctrine has also been extended to counsel for the trustee. *See, e.g.*, *In Re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993).

In the case below, Foster requested permission from the Bankruptcy Court to file her Complaint and to sue the Removing Defendants. The Bankruptcy Court denied that request after holding an evidentiary hearing. *See* ECF No. 8-1 at 3265. The Bankruptcy Court also denied Foster's Motion for Reconsideration of her request for leave to file lawsuit. Notably, in her initial Brief, Foster does not argue that she obtained the Bankruptcy Court's permission to file the Complaint, as is required under the *Barton* Doctrine.

Here, the Court agrees with the Bankruptcy Court that Foster's Complaint should be dismissed due to Foster's violation of the *Barton* Doctrine. Foster failed to obtain leave of the Bankruptcy Court to pursue any of claims against the Removing Defendants. The Court accordingly concludes that Foster was barred from bringing these claims against Removing Defendants. *See Barton*, 104 U.S. 126.

*Finally*, Foster asserts that her claims should not be barred by the *Barton* doctrine because they fall within the *ultra vires* exception to the Barton doctrine. The Bankruptcy Court (correctly) disagreed with Foster on this point, and held this argument was "utterly baseless" because "there was nothing *ultra vires* about the [Removing] Defendants' actions at all." ECF No. 7-2 at 26–28. As the Bankruptcy Court observed, "nowhere within the [Dismissed] Complaint is there a

single reference to the term 'ultra vires.'" *Id.* at 28. Indeed, as detailed at length in the Dismissal Order, Foster's Complaint "goes to great strides to actually highlight [that Removing Defendants acted in their] official capacity." *Id.* This is the exact opposite of *ultra vires* conduct.

In sum, the Court fully agrees with the Bankruptcy Court's ultimate holding in the Dismissal Order:

> Because [Foster] failed in the Current Complaint to set forth any *ultra vires*, individual liability claims, much less any **plausible** *ultra vires*, individual[-]liability claims, against any of the [Removing] Defendants, and because the Debtor did not obtain leave of court to pursue any of the Subject Claims against any of the [Removing] Defendants in State Court, then this action, insofar as involving the Subject Claims, lacks all legitimacy and will be dismissed for violation of the *Barton* doctrine.

*Id.* at 170 (emphasis in original).

After reviewing the record, the Court finds that the Bankruptcy Court carefully considered and weighed the relevant factors in dismissing the Dismissal Order. None of the Bankruptcy Court's findings in support of its decision are clearly erroneous; in fact, the Bankruptcy Court's Dismissal Order contains a detailed and correct explanation for dismissing the Complaint. Therefore, because the Court has no definite or firm conviction that the Bankruptcy Court erred, Foster's the Court accordingly **OVERRULES** Foster's second and third sub-issues on appeal.

### ORDER

The Court, having **OVERRULED** all of Foster's sub-issues on appeal in this case, concludes that the Bankruptcy Court's Dismissal Order is **AFFIRMED.**

**SO ORDERED** on this **18th day** of **January, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE